```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DANIEL BOWENS                                  CIVIL ACTION

VERSUS                                         NUMBER: 05-5714

N. BURL CAIN, WARDEN                           SECTION: "B"(5)
```

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Daniel Bowens, and the State's response thereto. (Rec. doc. 1, 18). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that petitioner's habeas application be dismissed with prejudice.

## PROCEDURAL HISTORY

Petitioner Bowens is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. By grand jury indictment dated December 2, 1993, petitioner was charged with second degree murder. He pleaded not

guilty.  Following his plea, petitioner was examined both as to his present competency and his competency at the time of the offense.  On January 13, 1994, the trial court found that he was not competent to assist his defense counsel.  Petitioner again was deemed not competent at a second hearing on August 23, 1994.  A third lunacy hearing was held on October 5 and 19, 1995, at which time petitioner was found competent to stand trial.  He was tried on November 22, 1995, and found guilty as charged.  His motion for a new trial was denied on December 1, 1995.  After waiving all delays, petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

On October 8, 1997, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence.  State v. Bowens, 701 So.2d 271 (La. App. 4th Cir. 1997)(table).[1]  On May 29, 1998, the Louisiana Supreme Court denied petitioner's writ application.  State v. Bowens, 719 So.2d 1276 (La. 1998).  Petitioner's conviction became final ninety days later, or August 27, 1998, when the ninety-day period for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003), cert. denied, 529 U.S.

---

[1] A copy of the Louisiana Fourth Circuit's October 8, 1997 unpublished opinion is contained in the State rec., vol. 1 of 6.

1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

On or about February 10, 1999, some one hundred and sixty-six days after his conviction had become final, petitioner executed a post-conviction relief application that was denied by the state district court on that same date.[2]  From that unfavorable ruling, petitioner sought writs from the Louisiana Fourth Circuit which, on April 15, 1999, ruled in his favor and directed the trial court to grant him an out-of-time appeal.  State v. Bowens, No. 1999-K-0480 (La. App. 4th Cir. April 15, 1999)(unpublished order).[3]  Petitioner proceeded to file his appeal as directed and after the matter was fully briefed by the parties, the Louisiana Fourth Circuit once again affirmed his conviction and sentence on February 7, 2001.  State v. Bowens, 786 So.2d 982 (La. App. 4th Cir. 2001) (table).[4]  Writs were denied by the Louisiana Supreme Court on January 25, 2002.  State v. Bowens, 806 So.2d 670 (La. 2002).

On August 16, 2002, some two hundred and four days following the Louisiana Supreme Court's January 25, 2002 writ denial,

---

[2] A copy of petitioner's post-conviction application, along with the district court's denial of same, is contained in the State rec., vol. 2 of 6.

[3] A copy of the Louisiana Fourth Circuit's unpublished order is contained in the State rec., vol. 2 of 6.

[4] A copy of the Louisiana Fourth Circuit's February 7, 2001 unpublished opinion is contained in the State rec., vol. 5 of 6.

petitioner filed his second post-conviction relief application with the state district court.[5] Petitioner litigated his second post-conviction relief application all the way to the Louisiana Supreme Court which ultimately denied relief on June 24, 2005. State ex rel. Bowens v. State, 904 So.2d 731 (La. 2005). On September 6, 2005, seventy-three days later, petitioner signed his federal habeas petition. (Rec. doc. 1, p. 15).

**ANALYSIS**

In its response to petitioner's habeas application, the State argues that the petition is untimely under 28 U.S.C. §2244 and that it should be dismissed as such. The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), as codified at §2244(d), generally provides that prisoners like petitioner must file their habeas petitions within one year of the date that their convictions

---

[5] A copy of petitioner's second post-conviction application is contained in the State rec., vol. 6 of 6. Review of said document reflects a signing date of April 30, 2004. However, in his "Application for Writ of Mandamus", in which petitioner seeks to have the state appellate court order the district court to rule on his second post-conviction application, petitioner provides August 16, 2002 as the filing date of his second post-conviction application. (A copy of petitioner's "Application for Writ of Mandamus" is contained in the State rec., vol. 6 of 6). The State, in its Response (rec. doc. 18, p. 5, n. 6), accepts August 16, 2002 as the "true" filing date of petitioner's second post-conviction application. This court will likewise accept August 16, 2002 as the actual filing date.

become final.[6] The court must therefore determine when petitioner's conviction became final for §2244(d) limitation purposes, a task that is made somewhat more complicated based on the fact that petitioner was granted an out-of-time appeal by the state courts. For the reasons that follow, however, the court finds that the granting of the out-of-time appeal to petitioner did not start the running of the one-year limitation period anew and that his petition should be dismissed as untimely under §2244(d).

Under Louisiana law, the appropriate procedural vehicle for securing an out-of-time direct criminal appeal is by filing a post-

---

[6] 28 U.S.C. §2244(d) provides, in pertinent part:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

conviction relief application. State v. Counterman, 475 So.2d 336 (La. 1985). Although the granting of an out-of-time appeal restores a defendant to the midst of direct review for state law purposes, the Fifth Circuit has held that AEDPA's statute of limitations is merely tolled, not "restarted," by such an application and the subsequent appellate proceedings. Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099 (2004). See also Clark v. Cain, 2005 WL 2304492 at *5-6 (W.D. La. 2005); Soileau v. Cain, 2005 WL 1629945 at *4-6 (W.D. La. 2005); Sims v. Andrews, 2005 WL 1330154 at *4-6 (W.D. La. 2005).

Applying Salinas and its progeny to the matter at hand, and as noted in the procedural history set forth above, petitioner's conviction became final on August 27, 1998. At that point, the one-year limitation period began running. The limitation period was tolled one hundred and sixty-six days later when petitioner commenced state post-conviction relief proceedings.[7] That matter,

---

[7] 28 U.S.C. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."
    Petitioner, in his "Traverse in Opposition to State's Answer" (rec. doc. 23, p. 3), refers the court to a "Petition for the Writ of Mandamus", a copy of which is attached to his "Traverse", wherein he requested copies of various court documents in order to "prefect [sic] his post conviction relief

as well as the second wave of appellate proceedings resulting from it, remained pending before the state courts until the Louisiana Supreme Court denied relief on January 25, 2002.  At that point, prescription once again commenced to run.[8]  Another two hundred and four days of untolled time passed before petitioner filed his

---

application".  Petitioner suggests that his prescriptive period was tolled by virtue of this request for court documents and, because his "Petition for the Writ of Mandamus" was pending before the state district court until November 19, 1998, on which date petitioner's document request was denied, prescription should commence to run not on August 27, 1998, when his conviction became final, but rather, on November 19, 1998, when his "Petition for the Writ of Mandamus" was denied.  However, it is well-established that a request for documents, whether it be labeled a writ of mandamus or a motion for transcripts, is considered preliminary in nature, in contrast with a habeas or post-conviction application which directly challenges the constitutionality of one's conviction and/or sentence.  See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '...application[s] for State post-conviction or other collateral review...' so as to toll the limitation period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.").  See also Brisbon v. Cain, No. 99-3078, 2000 WL 45872, *2 (E.D. La. Jan. 18, 2000).

[8] In McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004), cert. denied, 543 U.S. 1162, 125 S.Ct. 1324 (2005), the Fifth Circuit made clear that an out-of-time appeal, granted by a Louisiana court, is considered a collateral review proceeding, rather than a direct review proceeding.  Collateral review proceedings, unlike direct view proceedings, do not toll prescription for the 90-day period an applicant has to seek, in connection with an adverse decision from a state supreme court, a writ of certiorari from the United States Supreme Court as provided under Roberts v. Cockrell, 319 F.3d at 694.

second post-conviction relief application.  That avenue of relief remained pending before the state courts until the Louisiana Supreme Court denied writs on June 24, 2005.  Seventy-three more days of untolled time elapsed before petitioner signed his federal habeas petition.  Cumulating the foregoing periods of untolled time (i.e., 166 + 204 + 73 = 443), it is obvious that petitioner's federal habeas petition comes at least seventy-eight days too late.  Thus, absent a basis for equitable tolling, the instant action is clearly time barred.

Equitable tolling is a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  Petitioner argues that his case represents one of the rare instances where equitable tolling is justified because:  1) he had to file two appeals due to the alleged "unconstitutionality" of his first appeal which resulted in "81 days or more passing prior to the filing of [his] first application for post conviction relief"; and, 2) in connection with his second application for post conviction relief, he was not timely informed of adverse rulings by both the state district and appellate court; therefore, the time inbetween these adverse rulings, to which he had no notice, should not be

counted against him. (Rec. doc. 23, p. 12). For the following reasons, petitioner's equitable tolling arguments are without merit.

First, the fact that petitioner was granted an out-of-time appeal had no bearing on the time, specifically, 166 days, which petitioner allowed to pass between the date, August 27, 1998, his conviction and sentence became final, and the date, February 10, 1999, when he first sought post-conviction relief. It was not until April 15, 1999, that the Louisiana Fourth Circuit Court of Appeal granted him an out-of-time appeal and this court has tolled all of the time between February 10, 1999, when he first sought post-conviction relief, until January 25, 2002, when his first post-conviction application, converted on April 15, 1999 to an out-of-time appeal, was denied by the Louisiana Supreme Court.

Second, with respect to his subsequent post-conviction application, whether petitioner did or did not timely obtain notice of various state court rulings is of no moment since this court, in calculating the timeliness of the instant action, tolled the entire period, from August 16, 2002, when petitioner filed his second post conviction application with the state district court, to June 24, 2005, when the Louisiana Supreme Court denied relief in connection with petitioner's second post-conviction relief application. Even tolling prescription for this period of almost three years, the

instant federal habeas corpus petition is nevertheless untimely.

Accordingly;

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Daniel Bowens be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United States Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of _____March_____, 2008.

                                                       _____
                                                             ALMA L. CHASEZ
                                          UNITED STATES MAGISTRATE JUDGE